Johnson, C. J. This case is brought into this court upon a demurrer to the declaration. The court below sustained the demurrer as to the second and third counts and overruled it as to the first, fourth and fifth. The breach of the contract being essential to the cause of action, must in all cases be stated in the declaration. The breach must obviously be governed by the nature of the stipulation. It should be assigned in the words of the contract, either negatively or affirmatively, or in words which are co-extensive with the import and effect of it. The declaration in this case contains five separate and distinct counts, and no breach is assigned except in the last and that simply negatives the payment of the sum of money in the writing obligatory specified. When the plaintiff inserts several distinct counts in his declaration, each of which is based upon a separate and distinct cause of action, and then postpones his breach until he concludes his last count, he must negative the payment of the several sums therein demanded. The breach in. this case is not in the words of the contract either negatively or affirmatively, nor can it be said to be co-extensive with the import and effect of it. The first and second counts contain but few of the essentials of a good declaration and are wholly insufficient to fix any liability upon the endorser. They show no notice of nonpayment by the maker or that the instrument sued upon had been protested for non-payment. The third is in due form, and if a sufficient breach had been added, it would have been sufficient to put the defendants upon their defence. The fourth and fifth are in the usual form of common counts for money laid out and expended and for an account stated, but are wholly insufficient for want of the necessary breach. We think that there can be no doubtbut that the circuit court erred in sustaining any one of the counts in the declaration. The judgment is therefore reversed;